UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | CRIMINAL ACTION NO. 3:17CR-121-CHB |
| TOREY PHILIP CRANSTON | DEFENDANT |

*Electronically filed*
**SENTENCING MEMORANDUM**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, and files its memorandum in support of sentencing in this action currently scheduled for March 7, 2019.

I. Factual Background

Law enforcement officials became aware of Cranston's criminal conduct as the result of an online undercover operation. While authorized by the Kentucky Attorney General to conduct undercover investigations, an investigator with the Kentucky Attorney General's Department of Criminal Investigations conducted such an operation beginning in August 2017. The investigator posted an ad on the Louisville Craigslist Website for the purpose of locating persons seeking children for illegal purposes over the Internet.

During the investigation, the investigator created and maintained an Undercover Persona (UC) of a 15-year-old female living in Jefferson County, Kentucky. An unknown person (later identified as Cranston), replied to the ad on August 16, 2017, *via* the Craigslist e:mail system. Cranston, identified as "Torey," was advised the UC lived in Louisville, Kentucky, and that her age was 15. Cranston then requested, *via* text message, to meet the UC in person to smoke marijuana and engage in sex acts. The communications occurred over the Internet and Telecom

Systems of the Commonwealth of Kentucky. The investigator received the messages on the investigator's law enforcement-issued cell phone and computer. The two agreed to meet on August 22, 2017.

On August 21, 2017, the investigator used a database to investigate the phone number being used by the suspect to contact the UC persona. The database listed Torey P. Cranston of Louisville, Kentucky, as the subscriber for the phone number. The investigator then searched for types of identification connected to Cranston and obtained a copy of Cranston's driver's license. The license files included an image of Cranston and matched images sent to the UC by Cranston during the online communications.

The investigator also located a record of Cranston being a Registered Sex Offender on the Kentucky State Police (KSP) website. The Sex Offender Registry included two image files that also matched the images the UC had received from Cranston during their communications. The investigator contacted the KSP and received two documents completed by Cranston in May 2017. The documents revealed a home address on Dahl Road in Louisville, Kentucky, as well as Cranston's e:mail address. A search of the Kentucky Courtnet database for records related to Cranston revealed a 2010 conviction based on the sexual abuse of a 13-year-old girl in Jefferson County, Kentucky.

On August 22, 2017, Cranston arrived at the previously agreed upon location driving the vehicle he had told the UC he would be driving. Cranston communicated with the UC up to the date and time specified for the meeting. He gave real-time updates *via* text messages while en route to the location. Law enforcement officials identified Cranston as he pulled into the parking lot off Old Taylorsville Road and arrested him. Cranston had in his possession an apple iPhone (used for communicating with the UC) as well as condoms and marijuana.

Law enforcement officials advised Cranston of his constitutional rights on at least two occasions prior to asking him any questions. During the interview, Cranston provided the passcode to the iPhone and admitted he had travelled to the place where he was arrested to meet a girl he knew to be 15 years old. He stated that the conversations began when he replied to a Craigslist ad. When provided a printed copy of the Craigslist ad, Cranston acknowledged both verbally, and with his initials, that it was the ad to which he had replied. Following execution of a state search warrant on Cranston's phone, law enforcement officials utilized a forensic tool to extract data from the phone. The forensic tool also created a report pertaining to the extracted materials. The materials extracted from the phone matched the data and information collected by the investigator during the course of the online communications. The report, as it pertains to text messaging between Cranston and the UC is attached hereto as Sealed[1] Exhibit A.

## II.  Crimes of Conviction

A federal grand jury sitting in Louisville, Kentucky, returned a two-count Indictment against Cranston. Count 1 of the Indictment charged Cranston with attempted online enticement of a minor, a violation of 18 U.S.C. § 2422. (DN 4). Count 2 alleged that when Cranston engaged in the attempted online enticement, he was legally required to register as a sex offender, in violation of 18 U.S.C. § 2260A. *Id*.

On November 19, 2108, Cranston pled guilty to the two federal charges contained in the previously-issued Indictment. (DN 66 & 67). He did so pursuant to a written Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement. (DN 66). The Plea Agreement recommends imposition of a 20-year sentence of imprisonment followed by 20 years' Supervised Release. *Id*.

---

[1] The United States requested that Exhibit A be sealed to protect ongoing criminal investigations, specifically the name and phone number used by the UC.

### III. Sentencing Guidelines calculations

Even in the post-*Booker* sentencing era, the Sixth Circuit Court of Appeals has reiterated the continued importance of the United States Sentencing Guidelines in the federal sentencing process. *See United States v. Anderson*, 526 F.3d 319 (6th Cir. 2008). The *Anderson* court further noted that such a focus on the Guidelines "is consistent with the Court's other recent sentencing precedent" and went on to reference the decisions in *United States v. Booker*, 543 U.S. 220, 245-46, (2005), *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007), and *Rita v. United States*, 127 S.Ct. 2456, 2468 (2007), to include the opinions' respective references to the role of the Guidelines. *Id.*

More recently, the court noted it "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Turner*, 2018 WL 6264062 at *5 (6th Cir. Nov. 28, 2018) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). And, in *United States v. Shalash*, 2018 WL 6721217 at *3 (6th Cir. Dec. 20, 2018) (quoting *United States v. Tanner*, 837 F.3d 596, 601 (6th Cir. 2016).

The United States objects to two aspects of the Guideline calculations as set out in the presentence investigation report (PSR). Both involve enhancements not applied in the PSR.

**1. U.S.S.G. § 2G1.3(b)(4)(A) – commission of sex act or sexual contact**

The PSR fails to include a two-point enhancement for commission of a sex act or sexual contact pursuant to U.S.S.G. § 2G1.3(b)(4)(A). Masturbation, including self-masturbation, constitutes sexual contact. *See United States v. Shafer*, 573 F.3d 267, 273 (6th Cir. 2009)(citing

18 U.S.C. § 2246(3). The text messages are instructive on this point. For example, on August 21, 2017, the following exchange occurred:

> Cranston: . . . When you play with yourself what do you usually think about?
>
> UC: I don't do that
>
> Cranston: You don't play with yourself? Why not?
>
> UC: Idk just nvr wanting to
>
> Cranston: Well I wanna play with you
>
> UC: Do we have enough time to
>
> Cranston: Yea definitely! I wanna play with your clit and finger you so I can feel how wet you get for me. . . .

*See* Sealed Exhibit A at numbered page 13.

Moreover, the Third Circuit addressed whether the **defendant's** self-masturbation during the course of an attempted online enticement qualified for the enhancement and answered in the affirmative. *See United States v. Pawlowski*, 682 F.3d 205, 213 (3rd Cir. 2012). The United States recognizes that Pawlowski transmitted images of himself to the undercover officer posing as a minor *via* webcam. In the instant case, Cranston did not transmit images of himself masturbating. However, as referenced above, he very explicitly described what he wanted to do to the undercover (posing as 15-year-old girl), including masturbating her. And, he stated "I'm stroking my hard cock right now thinking about you," followed by telling her that is why he had asked for a picture of her "Yea that's why I wanted a pic so I could get off." *See* Sealed Exhibit A at numbered page 10.

The exchanges set out above justify the two-point enhancement pursuant to U.S.S.G. § 2G1.3(b)(4)(A). Cranston clearly conveys his act of self-masturbation during the communications. Additionally, he explicitly described his intention of masturbating the UC

(among other sexual acts such as oral sex – *see* Sealed Exhibit A at 9; and intercourse (including promising to wear a condom to prevent pregnancy) – *see* Sealed Exhibit A at numbered page 11), when they got together in person.

### 2. U.S.S.G. § 4B1.5 – repeat and dangerous sex offender

The PSR fails to include an enhancement for repeat and dangerous sex offender pursuant to U.S.S.G. § 4B1.5. Cranston's current offense (attempted online enticement, in violation of 18 U.S.C. § 2422(b)), is a covered sex crime. *See* U.S.S.G. § 4B1.5, Commentary, Application Note 2 (18 U.S.C. § 2422 falls within Chapter 117 of Title 18). Moreover, Application Note 2 specifically notes that "an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (iv) of this note" are included as covered sex crimes.

The next question, then, is whether Cranston's prior conviction for second degree sexual abuse would constitute an offense outlined in 18 U.S.C. §§ 2426(b)(1)(A) and (B). In 2010, Cranston pled guilty to an amended charge of Sexual Abuse Second Degree in Jefferson District Court (Kentucky) Case Number 10-F-002297. The complaint in the case revealed that on September 12, 2009, Cranston digitally penetrated a 13-year-old victim. The child told him no several times as well as the fact that what he was doing hurt.

The fact that Cranston's prior conviction occurred in state court rather than federal court does not disqualify it from consideration. *See* 18 U.S.C. § 2426(b)(1)(B). The Court must determine whether the conduct for which Cranston was convicted would have been an offense under one of the enumerated federal statutes if the conduct had occurred within the special maritime and territorial jurisdiction of the United States. *Id*. The answer is yes.

The crime of sexual abuse of a minor or ward occurs when, in the special maritime and territorial jurisdiction of the United States, a person knowingly engages in a sexual act with

another person who (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging. 18 U.S.C. § 2243(a). The term "sexual act" is defined in 18 U.S.C. § 2246(2). The statute provides, in pertinent part, that sexual act means "the penetration, however slight, of the anal or genital opening or another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(C). On September 12, 2009, Cranston was 20 years of age and the victim was 13.

The enhancement under U.S.S.G. § 4B1.5(a) applies. The statutory maximum for Cranston's instant offense is life in prison. *See* 18 U.S.C. § 2422(b). Accordingly, the offense level for the instant offense of conviction is 37. *See* U.S.S.G. § 4B1.5(a)(1)(B)(i). Taking into account a three-level reduction for acceptance of responsibility, pursuant to U.S.S.C. §§ 3E1.1(a) and (b), the total adjusted offense level is 34. And, his Criminal History score is V. *See* U.S.S.G. § 4B1.5(b). Therefore, the recommended Guideline range is 235-293 months' imprisonment.

## IV. Criminal History

For the reasons set forth more fully above, due to application of U.S.S.G. § 4B1.5(a), the Criminal History score should be V.

## V, Statutory Factors

### A. Minimum and maximum penalties

The mandatory minimum term of imprisonment required for Count 1 is 10 years and the maximum is life. Count 2 requires a 10-year sentence to be imposed consecutive to the sentence imposed for Count 1. The combined maximum potential fine is $500,000.00. And, the applicable term of Supervised Release is not less than five years and could be any number of years up to and including life.

7

**18 U.S.C. § 3553(a) factors**

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). For the reasons that follow, the United States respectfully requests that the Court accept the Plea Agreement and impose a 20-year sentence of imprisonment to be followed by a 20-year term of Supervised Release.

Title 18, United States Code, section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
. . .

(5) any pertinent policy statement--
. . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The nature and circumstances of the instant offense is serious. Over the course of approximately one week, Cranston responded to a Craigslist ad and began communicating with a person who clearly identified as a 15-year-old girl. He directed the conversation to a sexual nature and quickly asked if the two could meet for sexual activity. In addition to communicating with the person he believed to be a 15-year-old girl, he showed up on the agreed upon date and time at the agreed upon location to engage in sexual activity with her.

The sentence imposed in this action should be substantial enough to adequately reflect the seriousness of the current offense, promote respect for the law, provide just punishment for the offense, deter further criminal conduct, protect the public from further crimes of the defendant, and avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. A sentence of 20 years' imprisonment meets these factors. Such a sentence will reflect the seriousness of Cranston's criminal conduct as well as promote respect for the law and give clear notice that people who engage in the sexual exploitation of children will be punished in a meaningful manner. Such a sentence also serves as a deterrent for further criminal conduct and protects the public from further crimes by Cranston. With regard to avoiding sentencing disparities, a 20-year sentence is in line with sentences imposed in cases with similarly situated defendants and facts.

The recommended sentence will also afford Cranston the opportunity to participate in the valuable sex offender treatment programs and services available through the Bureau of Prisons. It bears noting that he has never received sex offender treatment.

In considering the kinds of sentences available, the proposed resolution utilizing a lengthy prison term and 20-year term of Supervised Release falls within the statutory framework.

Importantly, the proposed special conditions of supervision include stringent computer-use oversight and require continued sex offender treatment.

The offense is covered by the mandatory restitution provisions set out in 18 U.S.C. § 2259. However, due to the nature of the undercover operation, restitution is not applicable.

## CONCLUSION

For the reasons set forth more fully herein, the United States respectfully requests the Court to accept the Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement and sentence Cranston, age 29, to 20 years' imprisonment followed by 20 years' Supervised Release.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

/s/ *Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
Fax (502) 582-5097

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent *via* the Court's ECF system to defense counsel on February 25, 2019.

/s/ *Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney