UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 3:17-CR-121-CHB |
| | ) | |
| TOREY CRANSTON, | ) | |
| | ) | |
| Defendant | ) | |

## SENTENCING MEMORANDUM
## ON BEHALF OF TOREY CRANSTON

Defendant, Torey Cranston, by and through counsel, files the following sentencing memorandum setting forth the factors that this Honorable Court should consider in determining a sentence. As the court is aware, Defendant Cranston entered into a Plea Agreement with the government in accordance with Fed. R. Crim. P. 11(c)(1)(B) and has entered a voluntary plea of guilty to Count (1) and Count (2). Pursuant to Rule 11(c)(1)(B) the Defendant recognizes that the Court may accept his plea of guilty while departing from the terms of the Plea Agreement, including the factual stipulations in determining a sentence. Nevertheless, the defendant calls upon the Court to honor the recommendations set forth in the Plea Agreement which represent a "sufficient, but not greater than necessary" sentence, as is required by 18 U.S.C. 3553(a).

The United States Supreme Court has offered the following description of the procedural mechanism by which the district court should come to its sentencing determination:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial

1

benchmark.  The Guidelines are not the only consideration, however.  Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, he may not presume that the Guidelines range is reasonable.  <u>He must make an individualized assessment based on the facts presented.</u>

*Gall v. United States*, 552 U.S. 38, 49-50 (2007) (internal citations removed;

emphasis added).

In pertinent part, 18 U.S.C.§ 3553 requires that the sentencing Court consider the

following factors in determining an appropriate sentence:

**(1)** The nature and circumstances of the offense and the
history and characteristics of the defendant;
**(2)** the need for the sentence imposed—
    **(A)** to reflect the seriousness of the offense, to promote respect for the
    law, and to provide just punishment for the offense;
    **(B)** to afford adequate deterrence to criminal conduct;
    **(C)** to protect the public from further crimes of the defendant…

While worthy of a sentence of imprisonment for his admitted violation of the law

in the case at hand, the court should consider the following in sentencing the Defendant.

### History and Characteristics of Defendant

Torey Cranston was born on May 18, 1989, in Honolulu, Hawaii, to Scott Cranston and

Janice Cooper. During Ms. Cooper's pregnancy in 1989, Cranston's father was diagnosed in the

army with narcissistic personality disorder. Throughout Cranston's early childhood his father

was employed in radiology and pharmaceutical sales and his mother was heavily involved in

helping at his school.

Cranston had a rough childhood being the middle child in between two sisters, and a maternal half-brother. His father idolized his older sister leaving him to feel like he could never do anything right.

Cranston was raised primarily by his mother after his parents divorced in 1999 due to his father having an extramarital affair. After his parents' divorce Cranston was placed into therapy which continued for over 9 months.

Cranston attended DuPoint Manual High School in Louisville, Kentucky, where he participated in swimming and received his high school diploma in 2007.

In 2010, Cranston plead guilty to sexual abuse in the second degree, a misdemeanor, where he was sentenced to 365 days in jail that was conditionally discharged for 2 years. As a result, Cranston had to register as a sex offender in Kentucky. Since that time, Cranston has not participated in any sex offender related treatment.

Cranston began using marijuana at the age of 15, which he continued to use weekly. As a result, between the ages of 21-24, Cranston committed a series of drug offenses relating to the possession and trafficking of marijuana. Cranston served no term of imprisonment and was placed on probation and home incarceration. He has not had any substance abuse related treatment since he began using marijuana

Prior to Cranston's arrest he was employed as a printer at Sackfields, Inc. for approximately four years.

Cranston continues to have strong family ties and a good relationship with his mother and half-brother. Cranston's mother describes him as a social butterfly who will accept any and every one for who they are.

3

**Factual Background**

Defendant Cranston was arrested on August 22, 2017, by an investigator assigned to the United States Secret Service Electronic Crimes Task Force with the Kentucky Attorney General's Office (KY AOG). The Complaint supporting the arrest alleged Defendant Cranston had used a facility and means of interstate commerce, to knowingly attempt to persuade, induce, and entice an individual, who had not attained the age of eighteen years, to engage in sexual activity for which a person may be charged with a criminal offense, in violation of 18 U.S. Code § 2422(b). These offenses carry the possibility, if convicted, of a variety of punishments, including: ten (10) years to life imprisonment, a $250,000.00 fine, and no less than 5 years up to life of supervised release.

In an Indictment issued on September 6, 2017, the Grand Jury charged that there was probable cause to believe that Defendant Cranston had committed one count of Coercion and Enticement under 18 U.S. Code § 2422 (Count 1) and one count of committing a felony offense involving a minor when registered as sex offender under 18 U.S. Code § 2260A (Count 2).

On October 23, 2018, a plea agreement was negotiated between the parties, and a Plea Agreement, made in accordance with Fed. R. Crim. P. 11(c)(1)(B), and consensually signed by the Defendant, was subsequently executed, pursuant to the terms agreed upon. Under the terms of this Plea Agreement, the Defendant and the Government have agreed that the Defendant was guilty of the charges against him. The Government also agreed to recommend that Defendant Cranston should receive a sentence of no more than 240 months of imprisonment followed by 240 months of supervised release.

4

On August 7, 2015, the Court accepted Defendant Cranston's plea of guilty to Count (1) of the Indictment, *the use a facility and means of interstate commerce, to knowingly attempt to persuade, induce, and entice an individual, who had not attained the age of eighteen years, to engage in sexual activity for which a person may be charged with a criminal offense,* in violation of 18 U.S. Code § 2422(b). After accepting the guilty plea, the Court set a sentencing date for March 7, 2019.

On January 28, 2019, the Probation Officer filed a Presentence Investigation Report ("PSR"). The PSR provided the following: Count (1) has a Total Offense Level of 27; based on a base offense level of 28, taking into account a 2-level enhancement for the use of a computer to engage in prohibited sexual conduct and a 3-level downward departure for acceptance of responsibility. PSR ¶¶ 19-28. Defendant Cranston has four Criminal History Points, and thus falls within Criminal History category III. PSR ¶¶ 31-35. According to the Guidelines Sentencing Chart, that places him sentence within Zone D, with applicable Guidelines range of 87-108 months imprisonment. However, there is a statutorily required minimum sentence of ten years, and therefore the guideline term of imprisonment for Count (1) is 120 months. As to Count (2) the guideline sentence is the minimum term of imprisonment required by statute, which is 120 months to be imposed consecutively to Count (1). USSG §2A3.6. U.S. Code §2260A.

Defendant Cranston calls upon the Court to honor the recommendations set forth in the Plea Agreement to dispense a sentence that is "sufficient, but not greater than necessary" sentence, as is required by 18 U.S. Code §3553(a).

**Conclusion**

For the above stated reasons, Defendant Cranston, respectfully requests that the Court

impose a sentence in accordance with the agreed upon Plea Agreement.

Respectfully Submitted,

/s/ Jonathan S. Ricketts
RICKETTS LAW OFFICES, PLLC
4055 Shelbyville Road
Louisville, KY  40207
(502) 896-2303 tel
(502) 896-2362 fax
jricketts@rickettslawoffices.com
*Counsel for Defendant, Torey Cranston*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Hon. Jo E. Lawless, Assistant U.S. Attorney.

Respectfully Submitted,

*/s/* Jonathan S. Ricketts
Jonathan S. Ricketts

6